# CIRCUIT COURT OF BALTIMORE CITY.

Decided May 25, 1898.

ROBERT POOLE
VS.
FALLS ROAD ELECTRIC RAILWAY COMPANY.

*Barton & Wilmer* for plaintiff.
*Thomas Ireland Elliott* for defendant.

WICKES, J.—

The relief prayed in the bill of complaint is that the company defendant be "enjoined from placing *any* track, pole or wire upon any portion of Union avenue included in the lines of your orator's property as aforesaid, or disturbing or interfering with the same in *any* manner whatsoever."

The bill avers that "Union avenue is purely a private way or lane, laid out some years ago by your orator and other parties owning land bounding thereon, for the sole and exclusive benefit of such land owners, and not in any way or form for the benefit of the general public, &c." When the case was called for argument, the learned counsel who appears for complainant, abandoned the contention that Union avenue was a private way, for the evidence of dedication to public use many years ago, and of acceptance by the county and the city was overwhelming. The city and the county before it, have controlled the street during all this period, building a bridge at one end, erecting lamps and lighting them, putting in a sewer, and various other acts of municipal ownership and control, which the complainant, who owns property bordering upon it, owns mills in the neighborhood, and is entirely familiar with the avenue itself, strangely enough, omitted from his bill.

We were therefore asked under the authority of Sprigg vs. The Western Telegraph Company, 46 Md. 67, to dissolve the injunction and dismiss the bill, because of the failure of the complainant to make a "full and condid disclosure of all the facts within his knowledge, &c." Certain it is, that the preliminary injunction was granted principally because of this averment, for the Court would probably have hesitated to grant such summary relief, upon the other ground relied upon at the hearing, to wit, that a double track will practically destroy the use of the avenue for street purposes, and so injure the property of the complainant, who owns to the middle of the street, subject of course to its use as a public highway of this city.

A track so constructed, although authorized by an ordinance of the city, the complainant thinks is a "taking" of his property in the constitutional sense; and that compensation must be made to him before the company can proceed to lay its tracks.

The bill in its fifth paragraph avers that the street is only forty feet wide, and that a double track will leave a space so narrow between the track and the curb that vehicles will be unable to pass, or to be kept standing in front of the various houses built upon its lines.

The proof sustains this averment, and while the owner of property bordering on this avenue, who occupy their houses, with singular unanimity, desire the road constructed, notwithstanding the inconvenience complained of. Such evidence, of course, cannot determine the rights of the complainant if he is, for the reason assigned, entitled to relief.

But does it matter in cases of this character whether the fee to the middle of the street remains in the owner of the abutting property, or has passed to the general public, if such public, or their agents, are capable of holding it. 18 Oregon 246. In either case, the dedication and acceptance of the street, carries with it the right to build and operate street railways, when duly authorized, even when propelled by electricity. This is settled law in Maryland, for such railways do not impose a new servitude. The right of the owner to recover damages for any injury of access, remains, but how can it be called a new taking within the

meaning of the Constitution, unless the street is in some way destroyed for the purpose which controlled its dedication. Mere inconvenience of access does not amount to such destruction, as is manifest from the Garrett case, in 79 Md. 277.

It may be that such a permanent structure as was there complained of, or such an open cut as existed in O'Brien's case (74 Md.), if the abutting owner had also held, *ad medium filae*, might have amounted to a "new taking," but short of that, I do not think a Court of equity can be called on to grant relief.

Access to plaintiff's property is not destroyed; it is rendered inconvenient, and for certain purposes may affect the value of the property. The difficulty of keeping a wagon standing in front of a building erected on his line may also, for certain purposes, affect the convenient use of this property.

But the same difficulty precisely arose in Rafferty vs. The Traction Co., 147 Penn. St. 579, but the Court said: "It is claimed by the plaintiffs that their right of free access to their property along High street is interfered with, because vehicles cannot stand between the railway tracks and the curbing without interfering with the cars. But the right of the property owner in this respect is not all changed. He has the same right after the tracks are laid and the cars running that he had before. It is a right which must be exercised in reason, whether there are car tracks in the street or not. In no circumstances does it confer the privilege of obstruction by unreasonable exercise. But the reasonable exercise of the right gives no right to the street car companies to arrest it. If at any time the owner has occasion for the presence of vehicles in front of his property in the street, to take away or return persons or goods, he may exercise that right for such reasonable time as is necessary for his purposes, and if in such exercise of the right the passage of street cars is impeded, the street cars must wait."

See also Halsey vs. Railway, 47 N. J. Eq. 380, and Lockhart vs. Craig Street Railway Co., 139 Penn. R. 419.

The opinion of the lower Court, in the latter case, is strengthened by the assumption of the learned judge, p. 423, that the abuting owner held in fee to the middle of the street. So

that upon a fair consideration of the whole case, and without applying the strict rule which calls for a more candid disclosure of the facts than the complainant saw proper to lay before the Court, I am of opinion that the injunction granted must be dissolved and the complainant's bill dismissed, with costs.